**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LUCY R. BROWN, | ) | CASE NO. 3:22-CV-01258-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | CARMEN E. HENDERSON |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant, | ) | |

### I.    Introduction

Lucy R. Brown ("Claimant") seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Widow's Insurance Benefits ("WIB"). This matter is before the Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). For the reasons set forth below, it is RECOMMENDED that the Court OVERRULE Claimant's Statement of Errors and AFFIRM the Commissioner's decision.

### II.   Procedural History

Claimant filed applications for POD, DIB, WIB on September 4, 2019, alleging a disability onset date of April 13, 2019. (ECF No. 5, Tr. 15). The applications were denied initially and upon reconsideration, and Claimant requested a hearing before an administrative law judge ("ALJ"). (ECF No. 5, Tr. 15). On February 24, 2021, an ALJ held a telephonic hearing, during which Claimant, represented by counsel, and an impartial vocational expert testified. (ECF No. 5, Tr. 15).

1

On April 06, 2021, the ALJ issued a written decision finding Claimant was not disabled. (ECF No. 5, Tr. 12). The ALJ's decision became final when the Appeals Council declined further review on May 23, 2022. (ECF No. 5, Tr. 1).

Claimant filed a complaint in the U.S. District Court for the Northern District of Ohio on July 18, 2022 to challenge the Commissioner's final decision. (ECF No. 1). The parties have completed briefing in this case. (ECF Nos. 8, 9, 11). Claimant asserts the following assignment of error:

> (1) The ALJ improperly relied on the vocational witness' testimony to conclude that Ms. Brown could perform other work within the national economy that existed in significant numbers.

(ECF No. 8 at 2).

### III. Background

#### A. Relevant Hearing Testimony

This case concerns Claimant's challenge to the vocational expert's testimony at the administrative hearing. The vocational expert ("VE") testified that Claimant could no longer complete her past work but opined that she could work as an electronic worker, mailing clerk, or final inspector. (ECF No. 5, Tr. 66). Each job had 240,000, 120,000, and 80,000 national jobs, respectively. (ECF No. 5, Tr. 66). The ALJ asked the VE whether Claimant could perform these jobs with certain hypothetical limitations, including "no fast pace or high production quotas" and "occasional, superficial interaction." (ECF No. 5, Tr. 65–66). The VE confirmed that Claimant could still work the jobs and that his opinion was based on the Dictionary of Occupational Titles and its companion publication, Selected Characteristics of Occupations. (ECF No. 5, Tr. 66, 68).

Claimant's representative then cross-examined the VE. He asked the VE six questions related to off-task work, the VE's source materials, and the ALJ's hypothetical limitations. (ECF

2

No. 5, Tr. 69–70). The VE answered the questions and noted that the "primary resource" he relied on was data from the U.S. Bureau of Labor Statistics. (ECF No. 5, Tr. 69). Notably, Claimant's representative did not object to the VE's qualifications or testimony. (ECF No. 5, Tr. 63–64).

**IV.   The ALJ's Decision**

The ALJ made the following findings relevant to this appeal:

> 4. The claimant has not engaged in substantial gainful activity since April 13, 2019, the alleged onset date (20 CFR 404.1571 et seq.).
>
> 5. The claimant has the following severe impairments: degenerative disc disease (cervical and lumbar), arthritis (left upper extremity), neuropathy, essential tremor, major depressive disorder (single episode without psychotic features), social anxiety disorder, and generalized anxiety disorder (20 CFR 404.1520(c)).
>
> 6. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 7. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and is able to occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds, is able to stand and walk six hours of an eight-hour workday, is able to sit for six hours of an eight-hour workday, unlimited push and pull other than shown for lift and/or carry; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch and crawl; avoid concentrated exposure to hazards – should not work at heights or near hazards; occasional overhead reaching bilaterally; frequent handling and fingering bilaterally; can perform simple routine tasks (unskilled work); with no fast pace or high production quotas; occasional superficial interaction (meaning of a short duration for a specific purpose); infrequent change where changes are gradually implemented and explained in advance; no direct work with the general public; can perform low stress work meaning no arbitration, negotiation, responsibility for the safety of others and/or supervisory responsibility.
>
> 8. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

3

> 12. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> 13. The claimant has not been under a disability, as defined in the Social Security Act, from April 13, 2019, through the date of this decision (20 CFR 404.1520(g)).

(ECF No. 5, Tr. 18, 20–21, 27, 29).

## V. Legal Standards

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (en banc)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

### B. Standard for Disability

The Social Security regulations outline a five-step process that the ALJ must use in determining whether a claimant is entitled to DIB: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity ("RFC"); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. § 404.1512(a). Specifically, the claimant has the burden of proof in Steps One through Four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to establish whether the claimant has the RFC to perform available work in the national economy. *Id.*

## VI. Discussion

Claimant raises one issue on appeal. She argues "the ALJ erred by relying on the grossly inaccurate testimony presented by the vocational witness at the administrative hearing." (ECF No. 8 at 6). She specifically claims that the VE gave job number estimates that differed from those reported in Occu Collect, a private website that publishes data from the U.S. Bureau of Labor Statistics. (ECF No. 8 at 10). While the VE testified that there were 240,000 total electronic worker positions, Claimant argues that Occu Collect reports there are 152,400 jobs in the Standard Occupational Classification ("SOC") code 51-9161.00, the SOC that includes electronic worker positions. (ECF No. 8 at 10). Since the VE's estimate exceeds the alleged SOC estimate by almost 90,000 positions, Claimant argues the VE's testimony is inaccurate. (ECF No. 8 at 10). Likewise,

Claimant argues the VE's testimony that 120,000 mailing clerk positions existed is suspect since Occu Collect reported only 88,400 jobs for the job's SOC. (ECF No. 8 at 11). Finally, Claimant relies on O*NET, a U.S. Department of Labor website, to argue that two adopted limitations—"no fast pace or high production quotas" and "occasional, superficial interaction"—preclude work as an electronic worker and final inspector. (ECF No. 8 at 13–14). Claimant mailed a letter to the ALJ on February 24, 2021, objecting to the VE's testimony on these grounds. (*See* ECF No. 5, Tr. 399–400). The ALJ rejected the objections in her decision, and Claimant now argues this was improper. (ECF No. 5, Tr. 28–29; ECF No. 8 at 12).

The Commissioner rejects Claimant's arguments for two reasons. First, the Commissioner argues that Claimant failed to object to the VE's testimony at the proper time and has waived her arguments. (ECF No. 9 at 1). Second, even if Claimant properly objected at the hearing, the Commissioner claims that her arguments fail because she relies on sources other than the Dictionary of Occupational Titles ("DOT"). (ECF No. 9 at 1).

In her reply, Claimant argues that she could not have objected at the hearing because she did not know the correct data until after the hearing. (ECF No. 11 at 2). She contends that the ALJ failed in her duty to reconcile discrepancies in the VE's testimony under Social Security Ruling ("SSR") 00-4p. (ECF No. 11 at 2–3).

SSR 00-4p outlines an ALJ's duty to reconcile discrepancies in a VE's testimony. 2000 WL 1898704, at *2 (Dec. 4, 2000) ("When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled."). However, "the ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00–4p." *Beinlich v. Comm'r of Soc. Sec.*,

6

345 F. App'x 163, 168 (6th Cir. 2009) (citing *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009)); *see also Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. 2008) ("[N]othing in applicable Social Security regulations requires the [ALJ] to conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the administrative law judge."). Indeed, "[t]his obligation falls to the plaintiff's counsel, who [has] the opportunity to cross-examine the VE and bring out any conflicts with the DOT." *Beinlich*, 345 F. App'x at 168.

Here, the VE testified that Claimant would be able to work as an electronic worker, mailing clerk, or final inspector. (ECF No. 5, Tr. 66). He testified that each position had 240,000, 120,000, and 80,000 national jobs respectively and confirmed that his testimony was consistent with the DOT. (ECF No. 5, Tr. 66, 68). He also noted that Claimant could complete the jobs with the ALJ's proposed limitations which included "no fast past or high production quotas" and "occasional, superficial interaction" limitations. (*See* ECF No. 5, Tr. 65–66). Upon cross-examination, the VE again testified that Claimant could complete these jobs with "occasional" interactions with coworkers, supervisors, and the public, in accordance with the DOT. (ECF No. 5, Tr. 69). The VE also testified that his job estimates were primarily based on reports from the U.S. Bureau of Labor Statistics ("BLS"). (ECF No. 5, Tr. 69). Claimant asked no further questions about the VE's sources of information or the jobs' interaction requirements. By the close of the hearing, Claimant did not object or express any concern over the VE's testimony.

But after the hearing, Claimant mailed a letter to the ALJ outlining many of the same points she now raises in her brief on the merits. (*See* ECF No. 5, Tr. 399–400). She argued that "[t]he vocational witness['s] testimony as to the number of jobs available is so inaccurate as to be incapable of being relied upon." (ECF No. 5, Tr. 500). She alleged that the testimony was

7

"significantly inconsistent with the DOT, the BLS and the companion publications" and outlined why the ALJ's hypothetical limitations would effectively eliminate the electronic worker and final inspector positions. (ECF No. 5, Tr. 400). Claimant urged the ALJ to reject the VE's testimony under SSR 00-4p. (ECF No. 5, Tr. 400).

The ALJ overruled the objections in the letter for three reasons. First, she noted that the VE had "substantial" knowledge and experience after twenty years in the field. (ECF No. 5, Tr. 28–29). The ALJ also pointed out that the VE testified that he relied on BLS statistics in developing his opinion. (ECF No. 5, Tr. 29). Finally, the ALJ wrote that "despite [the] opportunity to object and/or question the vocational expert at the hearing, the claimant's representative made no objection to his qualifications as it relates to providing vocational testimony." (ECF No. 5, Tr. 29). Claimant fails to acknowledge this third reason for rejecting the letter in her brief. This is fatal to her argument that "the ALJ's reasoning should not be considered appropriate for overruling a valid objection." (*See* ECF No. 8 at 12).

Indeed, a number of courts have rejected claimants' post-hearing objections to VE testimony when the claimant failed to raise the issue during the hearing. *See Zimmerman v. Comm'r of Soc. Sec.*, No. 1:18CV1233, 2019 WL 4736267, at *8 (N.D. Ohio Sept. 27, 2019) (collecting cases); *Wyrock v. Comm'r of Soc. Sec.*, No. 1:19-CV-1052, 2020 WL 1322846, at *3 (N.D. Ohio Mar. 20, 2020) ("Wyrock had an ability to cross-examine VE Macy at the hearing, did cross-examine him at the hearing, and failed to question him about Wyrock's ability to complete a 30-day training period for the jobs Macy identified. Thus, Wyrock has waived or forfeited this issue."); *Fitzmaurice v. Comm'r of Soc. Sec.*, No. 1:20-2745, 2021 WL 6052163, at *6 (N.D. Ohio

8

Dec. 21, 2021) (same).[1] In *Fitzmaurice,* the Court rejected a claimant's argument that she needed to "consult[] the source materials" before objecting and could not have "know[n] whether any objections or rebuttal evidence [were] appropriate" at the administrative hearing. 2021 WL 6052163, at *5–6 (citing *Murnahan v. Comm'r of Soc. Sec.*, No. 3:19-cv-01348, 2020 WL 7024847, at *6 (N.D. Ohio Nov. 30, 2020) (noting that a claimant can always make a "record request at the hearing to hold the hearing open for post-hearing brief detailing his objection to the VE's testimony" in lieu of objecting)).

As Claimant failed to raise her claims during the hearing, or question the VE on these issues, she waived her right to challenge them on appeal. Her reply brief argument that she could not have objected at the hearing is unavailing for the same reasons provided in *Fitzmaurize* and *Murnahan*, as discussed above.[2] But even if Claimant properly preserved her objections, her arguments fail on the merits as she has not established that the VE's testimony is invalid or that the RFC precludes Claimant from working the alternative jobs.

First, Claimant's reliance on Occu Collect and O*NET to challenge the VE's testimony is unavailing. In determining work that exists in the national economy, the ALJ and VE "take administrative notice of reliable job information available from various governmental and other publications." § 404.1566(d); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010). This includes the DOT; County Business Patterns and Census Reports from the U.S. Bureau of the

---

[1] The Commissioner acknowledged at least one case where a court allowed a claimant to raise an issue to which they did not object at the hearing. (ECF No. 9 at 7 n.2 (citing *Westmoreland v. Berryhill*, 2018 WL 1522118, at *3–4 (S.D. Ohio Mar. 28, 2019)). However, as this case is out of the district and conflicts with many Northern District cases, this Court can distinguish it from the above-cited cases as the *Fitzmaurice* court did. 2021 WL 6052163, at *8.

[2] Even if Claimant is correct, and the ALJ focused on the VE's qualifications, rather than the substance of his testimony in overruling the objections, Claimant still has a losing argument because she did not object to anything at the hearing.

9

Census; Occupational Analyses, prepared by the Social Security Administration, and the Occupational Outlook Handbook, published by the BLS. § 404.1566(d). Likewise, SSR 00-4p directs ALJs to take notice of "reliable job information" and specifically references the DOT.

Neither Occu Collect nor O*NET are enumerated in § 404.1566(d) or SSR 00-4p, and other courts have rejected claimants' reliance on O*NET. *See Zimmerman*, 2019 WL 4736267, at *10 ("Zimmerman's claim that the ALJ and VE were required to obtain job information from O*Net is not supported by reference to the administrative sources he cites."); *Fitzmaurice*, 2021 WL 6052163, at *8–9. In *O'Neal v. Commissioner of Social Security*, the Sixth Circuit rejected the claimant's attempt to rely on O*NET in place of DOT since § 404.1566(d) "does not list O*NET as a reliable source. And, in fact, in 2010, the SSA determined that O*NET in its current form was not suitable for disability claims adjudication." 799 F. App'x 313, 317.

Here, the VE testified that his findings were based on the DOT and BLS records, which are "reliable" under § 404.1566(d). (ECF No. 5, Tr. 68–69). Claimant has not challenged the VE's reliance on these records, but simply argues that the VE's testimony conflicts with data from Occu Collect and O*NET. However, Occu Collect and O*NET are not "reliable" sources under § 404.1566(d) or SSR 00-4p, so they fail to establish that the VE's testimony was inaccurate. Moreover, if Occu Collect simply reprints BLS data, as Claimant alleges, it is unclear why Claimant does not directly cite BLS data to refute the VE's testimony. Either way, Claimant's reliance on Occu Collect and O*NET is not well-taken.

Second, Claimant's argument concerning her alleged inability to complete work with the ALJ's limitations also fails. It is well-established that a VE's testimony constitutes substantial evidence in support of Step Five determinations. *See Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) (citing *Varley v. Sec. of HHS*, 820 F.2d 777, 779 (6th Cir. 1987)); *Wilson v. Comm'r of*

10

*Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004) ("This court has held repeatedly that the testimony of a vocational expert identifying specific jobs available in the regional economy that an individual with the claimant's limitation could perform can constitute substantial evidence supporting an ALJ's finding at step 5 that the claimant can perform other work."). Further, "[t]he ALJ can also use the services of a VE to help determine whether a claimant's work skills can be used in other work, and, if so, the specific occupations in which they can be used." *Kyle*, 609 F.3d at 855.

Here, the VE testified that the "no fast pace or high production quotas" and "occasional, superficial interaction" limitations do not preclude work as an electronic worker, mailing clerk, or final inspector. (ECF No. 5, Tr. 65–66). This testimony constitutes substantial evidence in support of the ALJ's Step Five finding that substantial work exists in the national economy. *See Wright*, 321 F.3d at 616; *Wilson*, 378 F.3d at 549. In her brief, Claimant again relies on O*NET and BLS data from Occu Collect to discredit the VE's testimony about her ability to work as an electronic worker or final inspector. (ECF No. 8 at 13–14). But as discussed above, these resources are not "reliable" under § 404.1566(d) or SSR 00-4p. As Claimant fails to cite any other support for her argument, it fails.

Claimant fails to demonstrate any error in the ALJ's reliance on the VE's testimony. Thus, substantial evidence supports the ALJ's finding that a substantial number of jobs exist in the economy. Accordingly, the Court will not disturb this finding.

## VII. Recommendation

Based on the foregoing, it is RECOMMENDED that the Court OVERRULE Claimant's Statement of Errors and AFFIRM the Commissioner's decision.

Dated: April 6, 2023

                                                                      s/ *Carmen E. Henderson*
                                                                      CARMEN E. HENDERSON
                                                                      U.S. MAGISTRATE JUDGE

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530–31 (6th Cir. 2019).