IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **LUCY R. BROWN,** | CASE NO. 3:22 CV 1258 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Plaintiff Lucy R. Brown seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Carmen E. Henderson for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Henderson recommends this Court affirm the Commissioner's final decision. (Doc. 12). Plaintiff filed objections to the R&R (Doc. 13), and the Commissioner filed a response thereto (Doc. 14). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in 2019, alleging a disability onset date of April 13, 2019. *See* Tr. 15. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on April 6, 2021, finding Plaintiff not disabled. (Tr. 12-29). This appeal ultimately followed. (Doc. 1).

Plaintiff raised one argument regarding the ALJ's decision. She argues the ALJ "improperly relied on the vocational witness' testimony to conclude that [Plaintiff] could perform

other work within the national economy that existed in significant numbers." (Doc. 8, at 2). Plaintiff also characterizes the vocational expert's ("VE") testimony as "grossly inaccurate." *Id.* at 6.

In her R&R, Judge Henderson concluded, in agreement with the ALJ, that (1) Plaintiff waived her right to challenge the VE's testimony on appeal, as she failed to raise her objection to the VE during the hearing, and (2) even if the objection had been properly preserved, she did not establish the VE's testimony was invalid or that the residual functional capacity ("RFC") determined by the ALJ precluded Plaintiff from performing the jobs identified by the VE. (Doc. 12, at 9). She recommends the Court affirm the Commissioner's decision. *See* Doc. 12.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are

supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### DISCUSSION[1]

Plaintiff raises one objection to the R&R. Her objection, largely a restatement of her argument on the merits, asserts the ALJ erroneously relied on the VE's testimony and that "the subsequent dismissal of [her] timely objection to that testimony significantly prejudiced" her claim. (Doc. 13, at 2). Plaintiff does not make a specific objection to Judge Henderson's R&R. A "general objection to the entirety of a magistrate's report, without specifying a single issue of contention, fails to satisfy" the standard for *de novo* review by the district court. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, this Court has reviewed the issue *de novo* and agrees with Judge Henderson's conclusions.

When a plaintiff neither objects to a VE's testimony during the administrative hearing nor obtains permission from the ALJ to allow a post-hearing brief making such an objection, that plaintiff "waives the right to subsequently object to that testimony and an ALJ has no obligation to address unsolicited post-hea[r]ing objections to the VE testimony." *Murnahan v. Comm'r of Soc. Sec.*, 2020 WL 7024847, at *6 (N.D. Ohio). Plaintiff did not seek or obtain such permission from the ALJ, and indeed does not assert she did so, yet maintains that by submitting to the ALJ an unsolicited post-hearing brief, she properly objected to the VE testimony at her hearing. (Doc. 13, at 4). As noted by the ALJ (Tr. 28-29), argued by the Commissioner (Doc. 9, at 1), and properly concluded by Judge Henderson (Doc. 12, at 9), the law does not permit this. *See Zimmerman v.*

---

1. Neither party objects Judge Henderson's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Henderson.

3

*Comm'r of Soc. Sec.*, 2019 WL 4736267, at *8 (N.D. Ohio) (collecting cases); *Wyrock v. Comm'r of Soc. Sec.*, 2020 WL 1322846, at *3 (N.D. Ohio); *Fitzmaurice v. Comm'r of Soc. Sec.*, 2021 WL 6052163, at *6 (N.D. Ohio). Plaintiff waived her right to object to the VE's testimony.

Even if Plaintiff had not waived this argument, she has not established any reason to set aside the VE's testimony. Plaintiff argued, in her merits brief as well as her objection to the R&R, that the VE's testimony – in relevant part, that Plaintiff could work as an electronic worker (for which there were 240,000 jobs nationally), mailing clerk (120,000 jobs nationally), or final inspector (80,000 jobs nationally) – overstated the number of available jobs in each of these positions and ignored two limitations in Plaintiff's RFC. (Doc. 8, at 10-13); (Doc. 13, at 5-6). The Commissioner argues that because Plaintiff relied on sources other than the Dictionary of Occupational Titles ("DOT") for her assertions, her arguments fail. (Doc. 9, at 1); (Doc. 14, at 1). Judge Henderson agreed with the Commissioner (Doc. 12, at 9), and so does this Court.

Plaintiff relied on Occu Collect, a private website which lists U.S. Bureau of Labor Statistics data, and O*NET, a U.S. Department of Labor website, to argue the VE's testimony was incorrect. (Doc. 8, at 10-13). The applicable regulation instructs the ALJ and VE to "take administrative notice of reliable job information available from various governmental and other publications," and lists as reliable sources the DOT (which is prepared by the Department of Labor), County Business Patterns and Census Reports from the U.S. Bureau of the Census, Occupational Analyses prepared by the Social Security Administration, and the BLS Occupational Outlook Handbook. 20 C.F.R. § 404.1566(d).

Plaintiff argues "the VE's testimony [is not] infallible like a medieval pope, omniscient like the Oracle of Delphi, or unalterable like the tablets from Sinai." (Doc. 13, at 4) (quoting *Adams v. Comm'r of Soc. Sec.*, 2020 WL 13505362, at *4 (N.D. Ohio)). But the regulations do not list

4

Plaintiff's sources, Occu Collect and O*NET, as reliable sources, and, "in fact, in 2010, the SSA determined that O*NET in its current form was not suitable for disability claims adjudication." *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 317 (6th Cir. 2020). Plaintiff's objection to the ALJ's allowance of and reliance on the VE's testimony is based on data the Social Security Administration does not consider reliable. This Court therefore agrees with Judge Henderson's conclusions.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Henderson's R&R (Doc. 12) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

      s/ *James R. Knepp II*
      UNITED STATES DISTRICT JUDGE